READ, Insurance Commissioner of Oklahoma, v. NATIONAL EQUITY LIFE INS. CO.

No. 2088.

Circuit Court of Appeals, Tenth Circuit.

Oct. 17, 1940.

Fred Hansen and Joe Fred Gibson, both of Oklahoma City, Okl. (Mac Q. Williamson, Atty. Gen., of Oklahoma, on the brief), for appellant.

V. P. Crowe, of Oklahoma City, Okl., and Frank E. Chowning, of Little Rock, Ark. (John Embry, Charles Edward Johnson, and Raymond A. Tolbert, all of Oklahoma City, Okl., and J. Merrick Moore and Lawrence B. Burrow, both of Little Rock, Ark., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from a decree of the United States District Court for the Western District of Oklahoma enjoining the Commissioner of Insurance of the state of Oklahoma from disapproving appellee's policy Form No. 67. Appellee will be referred to as the Company and appellant as the Commissioner.

The Company is an Arkansas insurance corporation, licensed to do business in Oklahoma. Prior to 1935 it and two or three other life insurance companies were writing policies of insurance in Oklahoma on what is known as a mortality endowment form of policy. The company's form of this policy was known as Form 59.

In this form of policy the company agreed to pay the face amount of the policy upon the maturity thereof, in one of three ways, as follows: (a) To the insured upon the maturity of the policy occurring on the anniversary of the policy nearest the insured's seventieth birthday; or (b) To the beneficiary of the insured upon due proof of his death; or (c) To the insured as a mortality endowment when it matured, as defined under mortality endowment in the policy. Payment in any one of the three ways provided therein canceled the policy and discharged the company from further liability.

Under the mortality endowment feature all policies were automatically classified into divisions determined by two factors, which were: (a) the entry age of the policy holder, and (b) the number of policies in the divisions of the entry age. By entry age is meant the age of the insured at the time the policy was issued. The division factor was arrived at as follows: All the policies of a certain entry age issued in a single year were classified into divisions, each containing at least 26 policies. When a policy was issued it was automatically placed in the division containing the fewest policies, with the exception that if an applicant already had a policy in a division and took a further policy, he could not have it placed in the same division, but it would be automatically classified in the division having the next fewest policies. The policy matured as a mortality endowment and became payable as such when it became the oldest policy in force in its division, and the company thereafter experienced a mortality loss under another policy in the same division. The policy became the oldest in the division when all the policies placed in the same division issued prior in time to it had either matured or lapsed. By this process it was gradually advanced up the ladder until it stood at the head. Then when a further loss occurred in that division, the face amount of this, now the oldest, policy became due and payable as a mortality endowment.

At the threshold we are confronted with a question of jurisdiction. It is contended that the suit is in effect against the State of Oklahoma and therefore in violation of the Eleventh Amendment to the Constitution of the United States.

Under the provisions of the Constitution of Oklahoma the Insurance Commissioner is an executive officer, charged with the duty of administering the insurance laws of the state, and is clothed with executive powers in the administration of the law. His powers are also quasi judicial. Mutual Benefit Life Ins. Co. v. Welch, Ins. Com'r, 71 Okl. 59, 175 P. 45. In the discharge of these duties it becomes necessary for him to examine applications for forms of insurance and make decisions concerning the same. As long as he acts within the provisions of the statute he is, for all purposes, the state, Cunningham v.

Macon & Brunswick R. R. Co., 109 U.S. 446, 3 S.Ct. 292, 609, 27 L.Ed. 992; Hagood v. Southern, 117 U.S. 52, 6 S.Ct. 608, 29 L.Ed. 805; In re Ayers, 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216; Murray v. Wilson Distilling Co., 213 U.S. 151, 29 S.Ct. 458, 53 L.Ed. 742; State Highway Commission v. Utah Const. Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262; Soler v. Scoville, 1 Cir., 253 F. 923, and a suit against him may not be maintained in the federal courts because prohibited by the Eleventh Amendment to the Constitution of the United States.

It is only when he goes beyond the borders of the law or acts in a capricious or arbitrary manner that he becomes divested of his official standing and is not protected against suit in the federal court. Reagan v. Trust Co., 154 U.S. 362, 14 S.Ct. 1047, 38 L.Ed. 1014; Osborn v. Bank of United States, 9 Wheat. 738, 22 U.S. 738, 6 L.Ed. 204; Poindexter v. Greenhow, 114 U.S. 270, 5 S.Ct. 903, 29 L.Ed. 185; Allen v. Baltimore & Ohio R. R. Co., 114 U.S. 311, 5 S.Ct. 925, 29 L.Ed. 200; Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570; Beal v. Missouri Pac. Ry. Corp. in Nebraska, 8 Cir., 108 F.2d 897.

■ In 1935 the Oklahoma Legislature passed Chapter 51 of the Oklahoma Session Laws of 1935, effective May 2, 1935. Article 1 provides:

"No life insurance company, mutual aid association, or fraternal beneficiary society, order or association operating in this State shall hereafter be permitted to issue policies, certificates or contracts to policyholders or members providing for the establishment of its policyholders or members into divisions and classes for the purpose of providing for the payment of benefits from special funds created for such purpose to the oldest member of the division and class, or to the member of the division and class whose policy has been in force the longest period of time, upon the death of a member in such division and class, except as hereinafter provided."

"Any life insurance company, mutual aid association, or fraternal benefit society, order or association, heretofore operating on this plan in this State may continue so to do upon condition that such life insurance company, fraternal benefit society, or mutual aid association shall not hereafter establish its policyholders, or members, into divisions or classes other than the division or classes actually containing subsisting poli-

cies, or certificates, when this Act shall become a law." 36 Okl.St.Ann. §§ 224, 225.

The Company continued to write Policy Form 59 until 1937. In 1937 Oklahoma passed Article 7, Chapter 51 of the Oklahoma Session Laws of 1937, an amendment to the law known as the "insurance retaliatory law" of Oklahoma. 36 Okl.St.Ann. § 106. In substance, this statute provides that the Insurance Commissioner of Oklahoma may bar an insurance company of any foreign state from writing any policy or class of insurance in Oklahoma when an Oklahoma company is prohibited from writing the same class of insurance by the laws of that state. May 4, 1937, the Commissioner, proceeding under this law, issued a desist order directed to the president of the Company, directing it to desist from further writing Policy Form 59. No complaint or issue is made concerning the desist order.

Thereafter the Company conceived Policy Form 67 and filed it with the Commissioner for his approval, as required by law. The Commissioner refused to approve the form and assigned as reasons therefor that: (a) The mortality endowment provision of Policy Form No. 67 insures the policyholder against the death of other policyholders in the same division or class, although the policyholder does not have an insurable interest in the lives of said other policyholders. (b) Said Policy Form No. 67 does not distinctly state the amount of benefits payable to the policyholder under the mortality endowment provisions of said policy form, which benefits accrue by reason of the death of other policyholders in the same division or class. (c) Said Policy Form No. 67 provides for the payment of benefits to a person, or persons, other than the insured or his beneficiary, or the estate or assignee of the insured, or his beneficiary, and (d) Said Policy Form No. 67 combines, in one policy, a revocable beneficiary, and a purported irrevocable beneficiary, or beneficiaries, thereby creating inconsistent and divergent rights. The Company thereupon filed its action as set out above, resulting in the judgment appealed from. In entering its judgment, the trial court found that the Commissioner did not act in bad faith in disapproving the form of policy but that he did act arbitrarily, capriciously and without the scope of his authority.

By the passage of Chapter 51 of the Session Laws of 1935, Oklahoma frowned on the class of insurance represented by Pol-

icy Form 59. It prohibited companies from writing this kind of insurance in the future, exempting from the operation of the act, however, those companies that were then writing this form of insurance. As to these companies, it expressly inhibited them from establishing its policy holders or members into divisions or classification other than those contained in Policy Form 59.

When the Company filed its application with the Commissioner for his approval, it became his official duty to examine it to see that it conformed to the public policy of the state as declared in its statutes and the decisions of the court. While it is not necessary to so decide, it is not unreasonable to assume that some of the objections the Commissioner urged against Policy Form 67 were those which the Legislature had in mind when it passed the prohibiting statute. Certainly it cannot be said that the Commissioner was guilty of capricious or arbitrary conduct in so concluding.

It is to be noted that the applicable statute expressly prohibits the companies exempted from the strict prohibitions of the statutes from writing other or different forms of insurance represented by its Policy Form 59. If it is argued that Form 67 is no different than Form 59, then the desist order barring Form 59 would likewise bar it, and would be justification for the conclusion reached by the Commissioner. If it is not the same as Form 59, then it is an extension of this class of insurance and is strictly forbidden by the statute. Form 59 classified the members into various groups, and made the oldest policy in a group payable when another member in that group died. Form 67 also divided the membership into groups or divisions. It, however, provided that upon the death of a member an amount equal to the face amount of his policy was payable to all the remaining members in that group. Clearly, the forms of policies were not the same. It was not unreasonable to conclude that the proscribed policy was forbidden by the laws and the public policy of Oklahoma.

The record fails to sustain the finding of the trial court that the Commissioner's conduct was arbitrary and capricious. It may be that he erroneously interpreted the legal effect of the statutes of Oklahoma. If he did, the Company has its remedy, but it may not seek it in the federal courts. We only decide that his conduct was not arbitrary and that therefore the trial court was without jurisdiction.

The judgment is reversed and the cause is remanded, with instructions to dismiss, with costs assessed against the company.