MITCHELL IRR. DIST. v. SHARP, Superintendent of Water Division, et al.

No. 2240.

Circuit Court of Appeals, Tenth Circuit.

July 18, 1941.

James A. Greenwood, of Cheyenne, Wyo., for appellant.

Ewing T. Kerr, Atty. Gen. (Harold I. Bacheller, Deputy Atty. Gen., and Arthur Kline, Asst. Atty. Gen., on the brief), for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This is a suit by The Mitchell Irrigation District, a corporation organized under the laws of Nebraska, hereinafter called plaintiff, against Seymour S. Sharp, Superintendent of Water Division No. 1, and John A. Whiting, Jr., Water Commissioner of District No. 14, Division No. 1, of the State of Wyoming, hereinafter called defendants. The complaint alleged that plaintiff is an irrigation district comprising about 14,000 acres of land in Nebraska; that it owns an adjudicated water right acquired in compliance with the laws of Wyoming with date of priority of June 20, 1890, for the appropriation of 194.6 cubic feet of water per second from the North Platte River, with the point of diversion at a specified point in Wyoming; that it owns a right of way and a canal thereon from the point of withdrawal along the south side of the channel of the river for approximately one-half mile in Wyoming and about twenty-five miles in Nebraska adjacent to the lands within the district; that the canal is used and is adequate for the purpose to divert and take the appropriated water of plaintiff from the river and convey it to the land within the district where it is applied to beneficial use; that such land is owned by more than four hundred

farmers; that it is semi-arid land with inadequate normal rainfall to produce crops but with irrigation is capable of producing and does produce bountiful crops; that Water Division No. 1 embraces all land within Wyoming which is drained by the North Platte River; that District No. 14 of such division embraces all that portion of Goshen, Converse and Natrona Counties from the Nebraska-Wyoming boundary line to the location of the Pathfinder Reservoir in Natrona County wherein the basin of the river is located; that it is the duty of defendant Sharp, as Superintendent of Division No. 1, to exercise general control over the water commissioners of the several districts within such division, and to cause them to execute the laws of the state respecting the distribution of appropriated water in accordance with the priorities of appropriation, and to regulate and control the use of water under all permits approved by the state engineer prior to the adjudication thereof in accordance with the prior right of each permittee; that it is the duty of defendant Whiting, as Commissioner of District No. 14, to divide the water of the river among the several ditches and reservoirs taking water therefrom according to their respective rights of priority, to shut and cause to be shut and fastened headgates of ditches, to regulate and cause to be regulated the controlling works of reservoirs in times of scarcity of water in accordance with existing rights of priority, to regulate the distribution of water among various users under incorporated ditches where the rights to the use thereof have been adjudicated, and to divide, regulate and control the use of water from the river by closing or partially closing headgates and diversion works at such times and in such manner as will prevent the use thereof in violation of the respective rights of the users; that the defendants have failed and neglected and continue to fail and neglect to discharge their duties, have failed and now fail and refuse to divide, regulate and control the taking and diversion of the appropriated water of the river in the order of priority, fail and refuse to require appropriators who are junior to plaintiff and who have points of diversion above that of plaintiff to close their headgates and diversion works, canals, ditches and irrigation works so as to permit water to flow in the natural channel down to the intake of plaintiff's canal, but have continuously permitted and allowed and continue to permit and allow many of such junior appropriators with points of withdrawal above that of plaintiff to wrongfully and unlawfully divert and take water for irrigation, storage and other purposes in disregard of the prior right of plaintiff thereto; that as the result of the continued wrongful acts of the defendants, the crops of the individuals located upon the land within the district for whose benefit the water under the appropriation of plaintiff was obtained are being destroyed and such individuals are suffering and will suffer an annual loss of crops exceeding $100,000 in value; that plaintiff has demanded that the defendants perform their duties in respect to the water of the river; and that in disregard of the rights of plaintiff, defendants threaten, intend and will in the future continue such wrongful and unlawful acts unless enjoined from so doing, to the irreparable injury and damage of plaintiff for which it has no adequate remedy at law. The prayer was that the defendants and their successors in office be enjoined from continuing their wrongful acts, and that they be required by mandatory injunction to discharge their duties in respect to administering the water of the river in the strict order of priorities of right thereto.

Defendants moved to dismiss the complaint on the ground that the action is against the defendants in their respective official capacities and is in truth and in fact an action against the state, in contravention of the Eleventh Amendment to the Constitution of the United States; that chapter 125, Laws of Wyoming 1939, deprives the court of jurisdiction over any matter in which water of the state is to be appropriated for use outside of the state; that the allegations constituting the controversy are before the Supreme Court of the United States in the case of Wyoming v. Nebraska; and that such action supersedes this one. The court sustained the motion and dismissed the action. Plaintiff appealed.

Section 1, Article VIII of the Constitution of Wyoming provides that the water of all natural streams within the boundaries of the state are declared to be the property of the state; section 3 provides that priority of appropriation for beneficial use shall give the better right, and that no appropriation shall be denied except when demanded by the public interests; and sec-

tion 4 provides that the legislature shall divide the state into four water districts and provide for the appointment of superintendents thereof.

Section 122-421, Wyoming Revised Statutes 1931, provides that the right to the use of water shall be restricted to the amount which may be necessarily used for irrigation or other beneficial purposes, and that the non-use of appropriated water for five consecutive years shall constitute abandonment and forfeiture of right thereto, and that it shall thereupon be again subject to appropriation; section 122-201 divides the state into four water divisions; section 122-202 creates an office of superintendent for each division; section 122-203 provides that the division superintendent shall, under the general supervision of the state engineer, execute the laws respecting the distribution of water in accordance with the rights of priority of appropriation, that it shall be his duty to regulate and control the storage and use of water under all rights which have been adjudicated by the board of control or by the courts, to regulate and control the storage and use of water under all permits approved by the state engineer, whether the rights acquired thereunder have been adjudicated or not, and that he shall have general control over the water commissioners of the several districts; section 122-301, as amended by the Act of December 22, 1933, provides that the board of control shall divide the state into water districts; section 122-302, as amended, provides for the appointment of a water commissioner for each district; and section 122-303 provides that it shall be the duty of the commissioner to divide the water of the natural stream or streams in his district among the several ditches and reservoirs taking water therefrom according to priority of right, and to shut and fasten or cause to be shut and fastened the headgates of ditches, and regulate or cause to be regulated the controlling works of reservoirs in times of scarcity in such manner as may be necessary by reason of existing rights of priority to water.

■ The title to water in the natural streams in Wyoming is in the state but the water is subject to withdrawal for application to irrigation or other beneficial use. In other words, the water is owned by the state subject to appropriation for beneficial use. It has been said that the ownership of the state is subject to a particular trust—the trust being the right of appropriation for beneficial use. Willey v. Decker, 11 Wyo. 496, 73 P. 210, 100 Am. St.Rep. 939. And there is no conflict between the rights of the state and those of appropriators. The state owns title to the water running in the stream, except as it may from time to time be lawfully diverted for application to authorized beneficial use, while the right of the appropriator attaches not to the water while running in the natural channel but to the use of a limited quantity thereof for beneficial use, in pursuance of an appropriation perfected and continued in compliance with the requirements of law. Farm Investment Co. v. Carpenter, 9 Wyo. 110, 61 P. 258, 50 L.R.A. 747, 87 Am.St.Rep. 918.

■ A perfected right of an appropriator to withdraw water and apply it to beneficial use is a valuable property right. Whalon v. North Platte Canal & Colonization Co., 11 Wyo. 313, 71 P. 995; Wyoming Hereford Ranch v. Hammond Packing Co., 33 Wyo. 14, 236 P. 764. And prior to the enactment of chapter 125, Laws of Wyoming 1939, subsequently referred to, such right could be acquired even though the water was withdrawn from the channel of the stream in Wyoming, carried by canal into an adjoining state, and there used for irrigation. Willey v. Decker, supra. It is a right of that character which plaintiff owns and for which it seeks protection in equity.

■ ■ Division superintendents and water commissioners are charged exclusively with administrative duties in superintending the diversion and distribution of water in strict conformity with adjudicated or determined priorities. Quinn v. John Whitaker Ranch Co., 54 Wyo. 367, 92 P.2d 568. They perform only ministerial duties in carrying out the police power of the state. Ryan v. Tutty, 13 Wyo. 122, 78 P. 661; Hamp v. State, 19 Wyo. 377, 118 P. 653; Van Buskirk v. Red Buttes Land & Live Stock Co., 24 Wyo. 183, 156 P. 1122, 160 P. 387; Laramie Irrigation & Power Co. v. Grant, 44 Wyo. 392, 13 P.2d 235. They are not vested with arbitrary control; instead, they are required to see that the water is divided among the several appropriators in strict accord with adjudicated or determined rights of priority and to prevent any one from taking water to

968

which he is not entitled under such a right, to the injury of others. Ryan v. Tutty, supra; Parshall v. Cowper, 22 Wyo. 385, 143 P. 302.

■■ The question to which the parties devote most of their argument is whether the suit is in reality one against the State of Wyoming, in contravention of the Eleventh Amendment to the Constitution of the United States. An action nominally against individuals may be in substance a suit against the state, within the meaning of the constitutional provision, if its purpose is to restrain or affect their action as state officers. Worcester County Trust Co. v. Riley, 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed. 268; Read v. National Equity Life Insurance Co., 10 Cir., 114 F.2d 977. That rule finds frequent application where the suit is brought against officers of the state as representing the state's action in such manner that the judgment will operate to compel the state to perform its contract or discharge its obligation. Louisiana v. Jumel, 107 U.S. 711, 2 S.Ct. 128, 27 L.Ed. 448; Cunningham v. Macon & Brunswick Railroad Co., 109 U.S. 446, 3 S.Ct. 292, 27 L.Ed. 992; Hagood v. Southern, 117 U.S. 52, 6 S.Ct. 608, 29 L.Ed. 805. But the amendment is far from a bar to all suits against state officers. An appropriate action for redress may be maintained against such an officer where, pretending to act under color of office, he transcends the law of the state, or acts in an arbitrary or capricious manner, or grossly abuses the power reposed in him. Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570; Read v. National Equity Life Insurance Co., supra; and cases there cited.

■ Plaintiff does·not seek to restrain or otherwise affect the action of the defendants as state officers in such manner as to compel the state to perform its contract or to discharge any kindred obligation. It does not challenge acts of the defendants performed in obedience to the law of the state. On the contrary, it charges that the defendants are deliberately acting in contravention of the law of the state. It pleads past and present acts of omission and commission and a purpose to continue them in the future which are without warrant in law, are arbitrary in character, and amount to capriciousness. And the state has no pecuniary, contractual, ·or similar interest directly involved in the subject matter. It gains no advantage by the present and threatened continued wrongful conduct of the defendants, and it will suffer no disadvantage if the defendants are required to discontinue it. A decree enjoining the defendants from continuing their unwarranted conduct will not affect the state, either in a fiscal or contractual manner or otherwise. Without more, we think it is clear that the suit is not one against the state, which the constitutional provision forbids.

■ Chapter 125, supra, provides that none of the water of the state shall ever be appropriated for use outside the state, except by a special authorizing act of the legislature. And the statute contains other provisions designed to accomplish that purpose. But the right of plaintiff to the water described in the complaint was acquired and became vested long prior to the enactment of the statute. And the act fails to indicate in any manner a legislative intent to disturb rights which were vested at the time it became effective. Other considerations aside, the statute is without application here.

The judgment is reversed and the cause remanded with direction to deny the motion to dismiss.