Charlie Ervin **WALLER**, Appellant,

v.

**PROFESSIONAL INSURANCE CORPORATION, J. R. Reinhardt and J. Edwin Larson, Appellees.**

No. 18896.

United States Court of Appeals
Fifth Circuit.

Feb. 26, 1962.

---

7. Defendant's Exhibit J.

8. Record 313–6.

9. Record 331–2.

T. Edward Austin, Jr., Moore & Austin, Jacksonville, Fla., for appellant.

Richard W. Ervin, Atty. Gen. of Florida, James G. Mahorner, Robert J. Kelly, Asst. Attys. Gen. of Florida, Dean Boggs, Boggs, Blalock & Holbrook, Jacksonville, Fla., for appellee, Professional Ins. Corp.

Before TUTTLE, Chief Judge, and JONES and WISDOM, Circuit Judges.

PER CURIAM.

The individual appellees, J. R. Reinhardt and J. Edwin Larson, in their peti-tion for rehearing raise for the first time the contention that the suit against them is barred by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment provides that the jurisdiction of federal courts shall not extend to "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." Reinhardt is the Senior Examiner for the State Treasurer and Insurance Commissioner of the State of Florida; Larson is the State Treasurer and Insurance Commissioner of the State of Florida. The plaintiff is a citizen of Georgia. The petitioners argue that under the decisions in Read v. National Equity Life Ins. Co., 10 Cir., 1940, 114 F.2d 977 and First Nat. Ben. Soc. v. Garrison, D.C.Cal., 1945, 58 F.Supp. 972 suits of this nature against a state insurance commissioner fall within the prohibitory provision of the Eleventh Amendment.

A multitude of cases have discussed the question raised on rehearing. To dispose of the petitioners' argument, however, it is not necessary to go beyond the cases the petitioners cite. In Read the Court stated: "As long as he acts within the provisions of the statute [the Insurance Commissioner] is, for all purposes, the state * * * and a suit against him may not be maintained in the federal courts because prohibited by the Eleventh Amendment to the Constitution of the United States. It is only when he goes beyond the borders of the law or acts in a capricious or arbitrary manner that he becomes divested of his official standing and is not protected against suit in the federal court." 114 F.2d at 978–979. Garrison expresses the same rule: "Generally, suits to restrain action of State officials can, consistently with the constitutional prohibition, be prosecuted only when the action sought to be restrained *is without the authority of State law or contravenes the statutes or Constitution* of the United States." 58 F.Supp. at 991.

These two cases follow the established doctrine that jurisdiction is ab-

sent only when the state official sued has acted within valid state authority. Before the court can conclude that it lacks jurisdiction, an examination of the official's action is necessary. If the official's action is found to have been beyond the bounds of his authority the court has jurisdiction. In the Read and Garrison cases the dismissal occurred *after* the courts had determined that the acts complained of were within the official's authority. In the instant case the defendants would be entitled to dismissal of the suit at this stage of the proceedings only if the plaintiffs had failed to allege any unauthorized acts. But the complaint alleges specifically that the defendants Reinhardt and Larson "did exceed the authority of their office by interference with the contract obligations of the parties to the said insurance contract and loan note interest." If the plaintiffs can prove their allegations there will be an adequate basis for jurisdiction. The defendants of course are not precluded from arguing this point below. Here, however, they raised it prematurely.

The petition for rehearing is denied.

JONES, Circuit Judge, dissents.