## SARANAC LAND & TIMBER CO. v. ROBERTS.

(Circuit Court, N. D. New York. June 28, 1895.)

1. CONSTITUTIONAL LAW—SUIT AGAINST STATE.

The mere fact that a defendant in ejectment is sued as comptroller of a state does not deprive the federal courts of jurisdiction, on the ground that the suit is against the state, where it is alleged in the complaint that the plaintiff is seised and entitled to the possession of the land in controversy, and that the defendant withholds possession unlawfully.

2. SAME—LAWS OF NEW YORK 1893, CH. 711, § 13.

Laws of New York 1893, c. 711, § 13, providing that, under certain circumstances, the comptroller of the state shall be deemed to be in possession of wild, vacant, or forest lands, and that such possession shall continue until the comptroller has been dispossessed by the judgment of a court of competent jurisdiction, sanctions the bringing of a suit against the comptroller, as such, to recover possession of lands so in his possession.

This was an action of ejectment by the Saranac Land & Timber Company against James A. Roberts, as comptroller of the state of New York. The defendant demurred, on the ground that the court had no jurisdiction.

Weeds, Smith & Conway and Frank Smith, for plaintiff.

T. E. Hancock, Atty. Gen., and G. D. B. Hasbrouck, Dep. Atty. Gen. of New York, for defendant.

COXE, District Judge. This is an action of ejectment. The plaintiff is a New Jersey corporation. The defendant is the comptroller of the state of New York. The complaint alleges that the plaintiff is seised in fee simple and entitled to the possession of a large tract of forest land situated in Franklin county within the Northern District of New York and that the defendant, as comptroller, is in actual possession of said land and unlawfully withholds the possession thereof from the plaintiff. The defendant demurs upon the ground that the court has no jurisdiction, for the reason that the real party in interest is the state of New York and the state cannot be sued. The situation, then, is this: A citizen of New Jersey who is the owner in fee of land in this district sues in ejectment a citizen of New York who is in unlawful possession of the plaintiff's land. All this is admitted by the demurrer. The sole question is, does the fact that the defendant holds as comptroller of the state deprive the court of jurisdiction? As the issue now stands the defendant is a naked trespasser in possession of plaintiff's land without color of right. It is thought that the demurrer should be overruled on the authority of U. S. v. Lee, 106 U. S. 196–204, 1 Sup. Ct. 240; Tindall v. Wesley, 13 C. C. A. 160, 65 Fed. 731; Pennoyer v. McConnaughy, 140 U. S. 1, 11 Sup. Ct. 699, and cases there cited.

The court cannot anticipate what defense the defendant will interpose. He may seek to justify under an unconstitutional law, or a law conferring no valid title. If the allegation be true that the plaintiff is the owner in fee and entitled to the possession of the land in question it is not easy to see how he can defend under a valid law. The mere fact that he is sued as comptroller is not enough to oust the court of jurisdiction. The complaint shows nothing

more. But suppose the court proceeds a step further and assumes that the defendant is sued and will justify under chapter 711 of the Laws of 1893. Section 13 of that act provides:

"The comptroller may advertise once a week for at least three weeks successively, a list of the wild, vacant and forest lands to which the state holds title, from a .tax sale or otherwise, in one or more newspapers to be selected by him, published in the county in which the lands are situated, and from and after the expiration of such time, all such wild, vacant, or forest lands are hereby declared to be and shall be deemed to be in the actual possession of the comptroller, and such possession shall be deemed to continue until he has been dispossessed by the judgment of a court of competent jurisdiction."

This section.must be considered in its entirety. The last clause cannot be ignored. It would seem clear that it was the intention of the legislature to submit the question of the comptroller's title to the decision of a court having jurisdiction. It was conceded at the argument that the theory of the demurrer made the clause in question inoperative and would enable the defendant to seize and hold the property of others without being amenable to the process of any court. There is no occasion for so drastic a construction. In placing the comptroller in possession of the forest lands the legislature recognized the probability of controversies over his title and pointed out the manner in which such disputes should be decided. The plaintiff is pursuing the remedy of the statute. It is a suit sanctioned by the state. Reagan v. Trust Co., 154 U. S. 362, 392, 14 Sup. Ct. 1047.

The demurrer is overruled.