WARREN BROS. CO. v. KIBBE et al.

No. 8726.

District Court, D. Oregon.

June 15, 1925.

Wood, Montague & Matthiessen, of Portland, Or., for plaintiff.

F. S. Senn, of Portland, Or., for Ætna Casualty & Surety Co.

I. H. Van Winkle, Atty. Gen., and J. M. Devers and L. A. Liljeqvist, Asst. Attys. Gen., for Commission and members, Warren Construction Co., Pacific Bridge Co., and Kibbe.

Bowerman & Kavanaugh, of Portland, Or., for A. D. Kern.

Dey, Hampson & Nelson and G. L. Buland, all of Portland, Or., for United States Fidelity & Guaranty Co.

McCamant & Thompson and Ralph H. King, all of Portland, Or., for Fidelity & Deposit Co. of Maryland.

BEAN, District Judge.

This is a suit brought by a patentee against the state highway commission and divers and sundry contractors and their sureties to recover a royalty on the infringement of the plaintiff's patent.

The case is important and has been extensively briefed. I have examined the briefs and authorities there cited as far as the time at my disposal would permit. I have not been able, or have not had time, to formulate an elaborate opinion, but I shall state briefly, and without citation of authorities, the conclusions at which I have arrived.

It appears from the bill that in 1919 and 1920 the highway commission, acting under and in pursuance of law, contracted with certain individuals and firms for the laying of pavement, all embracing the same construction and under the same specifications, and in each contract provided that any royalty on patented pavement should be paid by the commission, and that it would indemnify and save and protect the contractors against damages on account of patent infringement. Among these contractors was one Oscar Huber, and after the pavement had been laid the plaintiff brought suit against Huber for infringement of patent and for damages. The Attorney General of the state, or his representative, appeared and defended the suit, and after a protracted and expensive trial the patent was declared valid in this court, and its decree affirmed by the Court of Appeals. 3 F.(2d) 899. Thereafter this suit was commenced against the highway commission and several contractors and their sureties to compel the commission to comply with the law and its contract, and pay such royalties, and to be subrogated to the actual contractors.

Motions to dismiss and to transfer to the law side of the court and for a further definite and specific statement have been filed. On behalf of the commission it is contended that the suit cannot be maintained against it because it is in effect a suit against the state, which is prohibited by the Eleventh Amendment to the Constitution of the United States.

There are almost innumerable decisions to be found in the books on this question, and authorities can be found supporting either view. It would be useless, if not impossible, to reconcile the authorities, and I do not attempt to do so. It is enough that in my opinion the great weight of authority as well as reason supports the rule that an action or suit may be maintained against a state agency to compel it to perform a plain official duty which the law imposes upon it, and a contract which it has entered into in pursuance of the law. The highway commission is authorized and empowered by law to award contracts for the construction of certain highways. It is provided with a fund to be held by the state treasurer, a trust fund for roads and highway purposes, to be expended by the commission in its discretion and disbursed on warrants of the secretary of state based on duly verified vouchers. The law declares that if a commission shall let any contract for the construction of any road consisting of articles or pavements upon

which patent is claimed, it may pay all royalties direct to the patentee, and that the contractor shall not include the cost of such royalties in his bid. It is also made the duty of the Attorney General to investigate the validity of any patent, and if in his opinion the patent is invalid or of doubtful validity, the commission shall, if it deems the use of the patented article to be advantageous in the construction of the highways, contract for the use of the same, in which event the state, through the highway commission, shall indemnify and hold harmless any contractor from damages resulting from the infringement of the patent.

· It is also made the duty of the Attorney General to prosecute or defend any suit or action which he may deem advisable to test the validity of such alleged patent. It is under this provision of the law that the contracts in question were made. The duties imposed upon the highway commission by law and by its contract are to pay the royalties for the patented pavement used by the contractors, and to indemnify them against damages on account of the infringement of the patent, and it has a fund at its disposal for that purpose. The state has thus spoken through its laws, and the highway commission in disobedience thereof does not stand for the state within the rule giving it immunity from suit. Although not designated as a corporation nor expressly clothed with the right to sue and be sued, it is nevertheless an agency of the state intrusted with all powers necessary to enable it to completely discharge the duties imposed upon it, and if it cannot be compelled to comply with the law and perform the contract entered into by it in pursuance of the law, the parties dealing with it are without remedy.

■ Again I think it may be fairly said that the state has impliedly given its consent that the highway commission may be sued. It has authorized the commission to make contracts on its behalf, agreeing to indemnify contractors against damages for infringement of patents, and makes it the duty of the Attorney General to defend any suit which he may deem it advisable to test the validity of the patent. In addition, the law requires the Attorney General, when requested, to defend any action or suit in which the state is a party or has an interest. It would obviously be imputing bad faith to the Attorney General to assume that he appeared to defend the Huber case without authority, or unless the state, through the highway commission, was a party or had an interest in the result. The commission has thus, in effect, contested the validity of the patent and infringement, and it seems to me it should abide by the result.

■ ·It is next claimed that the plaintiff's remedy is by separate actions at law against the several contractors, but the general rule is that in order to prevent multiplicity of suits a court of equity may exercise jurisdiction on behalf of a single party against a numerous body of separate claimants, although there is no common title or interest in the subject-matter among those individuals, but where there is merely a community of interest among them on questions of law and facts involved in a general controversy, or in the kind and form of relief demanded and obtained by or against it. Nor is it necessary that all the parties should have an interest in all the matters involved in the suit. It will be sufficient if each party has an interest in some material matter, and they are connected with the others.

■ Now the present controversy is based wholly on the plan of the highway commission letting contracts for patented pavements under identical specifications, agreeing to pay all royalties and indemnify the contractors if the patent should be declared valid. The essential elements are the validity of the patent and its infringement, and damages. All these questions are common to all the parties, and will have to be supported by practically the same evidence.

■ Again the question of equitable subrogation would seem to be applicable here, and a court of equity would have a right to subrogate the plaintiffs to the rights of the contractors on the indemnifying provision of the contract designed and intended for its benefit.

■ Now the ultimate facts are stated by the pleadings, and to require further data here would be in effect to plead the evidence. The plaintiff alleges that the defendants had notice of plaintiff's patent before laying the pavement, and the contracts themselves impute such notice, and no further statement upon that subject is necessary.

It follows therefore that the several motions should be overruled, and an order will be entered to that effect.