**AUTOMOBILE ABSTRACT & TITLE CO. v. HAGGERTY, Secretary of State for Michigan.**

**No. 4485.**

District Court, E. D. Michigan, S. D.

Jan. 10, 1931.

David B. Tippery, of Detroit, Mich., for plaintiff.

Wilber M. Brucker, Atty. Gen., and Charles Rubiner, Asst. Atty. Gen., for defendant.

SIMONS, District Judge.

This cause is now before the court upon a motion to dismiss the bill of complaint. As nearly as may be gathered from the insufficient averments of the bill, the plaintiff claims to be a common-law trust suing in its own right as the assignee of a patent covering a new and useful improvement in abstracts of title for automobiles; that the defendant is the secretary of state for the state of Michigan, or was at the time the bill was filed, and that the defendant in such capacity issued and sold certificates and abstracts of title to owners of automobiles, which certificates and abstracts infringe the plaintiff's patent; that by Act No. 46 of the Public Acts of Michigan of 1921 it was made a penal offense for any one to purchase automobile abstracts otherwise than from the defendant, and that a concerted effort has been and is being made by certain influential groups (not named nor made parties to the bill) to extend and enlarge infringement by inducing all states to adopt the abstract of title, and enact legislation for its enforcement, and that Act No. 46 of the Public Acts of 1921 is unconstitutional and void as repugnant to the Constitution of the United States and the federal laws passed in pursuance thereof, and that the defendant by his usurpation and infringement of the plaintiff's invention has appropriated and deprived the plaintiff of its property throughout the state of Michigan without due process of law and just compensation therefor. The relief prayed for in the bill, in addition to the usual prayer for process, includes prayers for the impaneling of a jury to determine the fact of infringement, for punitive as well as compensatory damages, for a perpetual injunction "inhibiting" continued production and sale by the defendant of abstracts, and for an accounting.

The motion to dismiss is based upon numerous objections to the sufficiency of the bill of complaint, and upon the ground that the suit is in essence a suit against the state of Michigan, and so cannot be maintained in the absence of the express consent of the state. It is unnecessary to discuss in detail the many objections raised, and others which might be raised with respect to the sufficiency of the bill of complaint. Some of them might perhaps be cured by amendment. It is sufficient to state some of them. The suit is entitled in the name of a common-law trust as plaintiff, but is brought by and through Frank Palazzolo, its treasurer and trustee. Where the common-law trust was organized

is not stated. Whether Palazzolo is the sole trustee, or one of a number, or what his citizenship is, is not indicated. Averment of jurisdiction and venue are lacking. Though it is stated that an act of the state of Michigan is unconstitutional, no holding by the court in respect to it is prayed for, nor is it indicated to what provisions of the United States Constitution the said statute is repugnant. There is no direct or express charge of infringement, although perhaps by broad and liberal inference the charge of infringement may be read into the bill. It is not indicated in what respect there has been infringement, nor what claims of the patent are relied upon. Punitive damages are claimed from the defendant, although the basis for such claim seems to be concerted effort to extend infringement by persons not mentioned nor made parties to the bill. Matters of evidence are pleaded, and their relevancy is left to inference. Although the bill claims damages in addition to injunctive relief, there is no averment that the plaintiff has not a complete and adequate remedy at law.

 The principal ground relied upon in the motion to dismiss is that the relief sought is against the state, that the state is therefore a necessary party, and inasmuch as the state has not consented to be sued the suit cannot be maintained. In answer to this contention plaintiff claims that the suit is not one against the state, but against John S. Haggerty in his individual capacity. The defendant relies upon numerous authorities, but it is necessary for the purpose of decision to consider only the Supreme Court's decisions in Belknap v. Schild, 161 U. S. 10, 16 S. Ct. 443, 40 L. Ed. 599, and International Postal Supply Company v. Bruce, 194 U. S. 601, 24 S. Ct. 820, 48 L. Ed. 1134. It is, of course, elementary that a sovereign cannot be sued without its consent, and equally elementary that where the sovereignty is a necessary party in order to permit the relief prayed for to be granted, that such suit is in essence a suit against the sovereign. The two cases cited are both suits brought by the owners of patent rights against private individuals or corporations, but the relief sought in each of them involves some restraint upon the use of property owned by the government; in the Belknap Case the title to property being actually in the government, and in the International Postal Supply Company the government having a property right in rem in machines for canceling stamps by virtue of a lease from the owners of the machines. Neither case is authority

for the proposition that government officers, even though acting under color of authority and for the government, may not in a proper case be sued at law, or in equity to restrain them from infringement of a patent. Each of the cases turned upon the power of the court to interfere with an object of property unless it had before it the person entitled to the thing, and in each case the United States, having title either to the thing itself or to its use, was deemed a necessary party, and not being capable of being sued without its consent the suit failed. The question therefore to be answered in the instant case is whether the relief prayed for can be granted against the individual defendant without in any way affecting property in the possession of the state, or used by it for public purposes. It will be noted that in the bill of complaint the plaintiff asks not only for an injunction against the defendant, but for an accounting, and by the interrogatories attached to the bill of complaint the accounting is directed not only to the secretary of state in office at the time the bill was filed, but to all secretaries of state in office since the act of 1921 became effective. The interrogatories further make inquiry as to the revenues of the office of the secretary of state during each fiscal year since 1921. It is not averred that the fees paid to the defendant for abstracts and certificates of title belonged to him, or that he has appropriated them or any part of them to his own use, or that the fees paid to his predecessors are in his possession, and the court will take judicial notice that under the laws of Michigan the secretary of state is paid a salary, and that all fees coming into his office for any public purpose are covered into the treasury of the state of Michigan. The relief prayed for is then relief against the state of Michigan, and is urged in pursuance of an alleged right to reach money in the treasury of the state of Michigan. Moreover, the plaintiff relies upon as a basis for his suit notices of infringement served by him upon the defendant's predecessor in office, and also upon the Honorable Fred Green, Governor of the State of Michigan. It is not claimed, and it would of course be absurd to claim, that either the defendant's predecessor or the Governor of Michigan was an agent of the defendant so that notice to either of these officials was notice to him. All the implications of the bill of complaint and of the exhibits attached thereto indicate that the relief sought is primarily against the state, and that the damages sought are damages from the state. Clearly the suit is

in essence a suit against the state of Michigan, and cannot be maintained without the consent of the state, and in any event could not be maintained in this court in view of the Eleventh Amendment.

It is not to be concluded that any holding is here made that the plaintiff is not entitled to any relief, either against the defendant or against his predecessors or successors in office. It may be that upon a properly drawn bill, prepared by one skilled in federal pleading and having some knowledge of patent practice, a case can be made for injunctive relief against the defendant herein or others as individuals, or relief obtained by a suit at law for damages; but no case of either classification is now before us for decision. The bill will be dismissed.