## COPPER S. S. CO. v. STATE OF MICHIGAN et al.

No. 11344.

United States Court of Appeals
Sixth Circuit.

Feb. 18, 1952.

Department of the State of Michigan. The libel charged negligence on the part of the respondents and those in charge of the navigation of the City of Petoskey. The respondents moved that the libel be dismissed on the ground that at the time and place stated in the libel they were engaged in the performance of a governmental function. The District Judge treated the motion as raising not only the defense of immunity from liability by reason of being engaged in the performance of a governmental function, but also immunity from suit. Both issues were properly before the Court. Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 467, 65 S.Ct. 347, 89 L. Ed. 389. He dismissed the action on the ground that the State of Michigan was immune from suit in the United States District Court.

Robert Branand, III, Cleveland, Ohio (Hill, Essery, Lewis & Andrews, Detroit, Mich., Johnson, Branand & Jaeger, Cleveland, Ohio, on the brief; Carl V. Essery, Detroit, Mich, Gilbert R. Johnson, Robert Branand, III, Cleveland, Ohio, of counsel), for appellant.

Sparkman D. Foster, Detroit, Mich. (Frank G. Millard, Atty. Gen., on the brief; Sparkman D. Foster, Detroit, Mich., of counsel), for appellee.

Before HICKS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The Copper Steamship Company appeals from an order of the District Court which dismissed its libel against the respondents for lack of jurisdiction.

■ The libel was filed by The Copper Steamship Company against the State of Michigan, The State Highway Department and The State Highway Commissioner. It sought damages in the amount of $20,147.93 by reason of a collision in the Straits of Mackinac on June 19, 1949, between the Robert L. Ireland, of which the libelant was the bareboat charterer, and the City of Petoskey owned by the State of Michigan and used as a ferry by the Highway

■ It is settled law that a State can not be sued in the Federal court without its consent. Eleventh Amendment, United States Constitution; Hans v. State of Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L. Ed. 842; Worcester County Co. v. Riley, 302 U.S. 292, 296, 58 S.Ct. 185, 82 L.Ed. 268; United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058. Such immunity on the part of a State exists in a suit in personam in Admiralty brought by a private person without its consent. Ex parte State of New York, No. 1, 256 U.S. 490, 497–500, 41 S.Ct. 588, 65 L.Ed. 1057.

■ It is also equally well settled that a suit against the officers of a State, even though the State itself is not made a party defendant, may nevertheless be in effect a suit against the State and subject to the defense of sovereign immunity. The question is determined by the essential nature and effect of the proceeding as it appears from the entire record. Pennoyer v. McConnaughy, 140 U.S. 1, 9–10, 17, 11 S.Ct. 699, 35 L.Ed. 363. In the present case, the libel against the State of Michigan, the State Highway Department and the State Highway Commissioner is essentially of such a nature as to make it a suit against the State. Smith v. Reeves, 178 U.S. 436, 438 through 440, 20 S.Ct. 919, 44 L.Ed. 1140; Ex parte State of New York, No. 1,

supra, 256 U.S. 490, 500–502, 41 S.Ct. 588, 65 L.Ed. 1057.

Appellant's contention on this appeal is that sovereign immunity from suit can be waived, Clark v. Barnard, 108 U.S. 436, 447, 2 S.Ct. 878, 27 L.Ed. 780, and that the State of Michigan waived such immunity by enactment of the Court of Claims Act, Public Act No. 135, 1939, as amended by Public Act No. 237, 1943 and Public Act No. 87, 1945.

Section 8 of the Court of Claims Act confers jurisdiction upon the State Court of Claims to hear and determine all claims and demands liquidated and unliquidated, ex contractu and ex delicto, against the State and any of its departments, commissions, boards, institutions, arms or agencies, and, except as provided in Section 13 of the Act made such jurisdiction exclusive. Section 13 of the Act provides as follows: "No claimant shall be permitted to file claim in said court against the state nor any department, commission, board, institution, arm or agency thereof who has an adequate remedy upon his claim in the federal courts. * * *." Section 17 of the Act provides "Every claim against the state, cognizable by the court of claims, shall be forever barred unless the claim is filed with the clerk of the court or suit instituted thereon in federal court as authorized in section 13, within 3 years after the claim first accrues."

The Act clearly waives the sovereign immunity of the State with respect to actions filed in the Michigan Court of Claims. There is nothing in the Act expressly stating that the State of Michigan gave its consent to be sued in the federal courts. A State in giving its consent to be sued can limit it to certain courts and still claim its immunity from suit in other courts. Smith v. Reeves, supra, 178 U.S. 436, 441, 20 S.Ct. 919, 44 L.Ed. 1140. Such consent to be sued can be limited to the state courts and not be applicable to actions in the federal courts. Great Northern Life Insurance Co. v. Read, 322 U.S. 47, 64 S. Ct. 873, 88 L.Ed. 1121; Ford Motor Co. v. Dept. of Treasury, supra, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389.

Appellant claims that although the Act contains no express waiver of immunity from suit in the federal courts, there is an implied waiver through the use of the language in Sections 13 and 17. By Section 13 the Court of Claims is not available to a claimant "who has an adequate remedy upon his claim in the federal courts". Section 17 imposes a 3-year statute of limitations on claims against the State which are being prosecuted against the State either in the Court of Claims or "in federal court as authorized in section 13". It is argued that at the time of the passage of the Court of Claims Act there was no remedy against the State in the federal courts and that the references to suits in the federal courts in Sections 13 and 17 contemplated the filing of such suits against the State in cases where federal jurisdiction existed, as in suits between other litigants. Several authorities are cited as examples of such implied waiver. Saranac Land & Timber Co. v. Roberts, C.C.N.D.N. Y., 68 F. 521; Warren Bros. Co. v. Kibbe, D.C.Or., 43 F.2d 582; Curran v. State of Arkansas, 15 How. 304, 308–309, 14 L.Ed. 705. Although those cases and others hold that under certain conditions, materially different from those in the present case, implied consent to be sued *may* be found, it still leaves open for consideration whether such implied consent can be found in the language of Sections 13 and 17 of the Court of Claims Act. Waiver of immunity by implication is the exception to the general rule, and should be clearly established to be effective. Blackfeather v. United States, 190 U.S. 368, 376, 23 S.Ct. 772, 47 L.Ed. 1099.

The appellant contends that in considering the question of implied consent, the statute should be given a liberal construction. Canadian Aviator, Ltd. v. United States, 324 U.S. 215, 65 S.Ct. 639, 89 L.Ed. 901; American Stevedores, Inc. v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011; United States v. Loyola, 9 Cir., 161 F.2d 126; McInnis v. United States, 9 Cir., 152 F.2d 387. Such cases, however deal with the proposition that when statutory authority to sue has been given, such authority is to be liberally construed with respect to the character of claims encom-

passed in the language of the statute. United States v. Shaw, 309 U.S. 495, 500–501, 60 S.Ct. 659, 84 L.Ed. 888. For example, where the statute, 46 U.S.C.A. § 781, authorizes suits against the United States "for damages caused by a public vessel" the phrase should not be strictly construed as applying only to damages resulting from collision, but should include damages resulting from being negligently led by a public vessel upon a submerged obstruction. Likewise, the phrase should be liberally construed so as to include claims for personal injuries as well as damaged property. They also state the well recognized rule that statutes dealing with injuries to seamen should receive a liberal construction in favor of the seaman. A different question is involved in determining whether a statute confers any authority at all to sue the sovereign in the particular court in which the action is brought. In such cases a strict rule of construction is applicable, and unless the grant of jurisdiction is clearly shown, it will not be implied. Blackfeather v. United States, supra, 190 U.S. 368, 376, 23 S.Ct. 772, 47 L.Ed. 1099; United States v. Sherwood, 312 U.S. 584, 590, 61 S.Ct. 767, 85 L.Ed. 1058. See also Great Northern Life Ins. Co. v. Read, supra; Ford Motor Co. v. Dept. of Treasury, supra.

Appellant's argument that the implied waiver exists because at the time of the passage of the Act there were no remedies against the State in the federal courts, does not take into consideration all the provisions of the Act. Both Sections 8 and 13 refer not only to claims against the State but also to claims against its departments, commissions, boards, institutions, arms or agencies. At the time of the passage of the Act, certain claimants had remedies in the federal courts against departments, commissions and agencies of the State. Hans v. State of Louisiana, supra, 134 U.S. 1, 20–21, 10 S.Ct. 504, 33 L.Ed. 842; Pennoyer v. McConnaughy, supra, 140 U.S. 1, 18–19, 11 S.Ct. 699, 35 L.Ed. 363; Mississippi Railroad Commission v. Illinois Central R. R., 203 U.S. 335, 27 S.Ct. 90, 51 L.Ed. 209. Under the Act, federal jurisdiction continued to exist in such cases, and the Act excluded such cases from the jurisdiction of the Court of Claims.

We are of the opinion that the logical overall construction of the Court of Claims Act is that Michigan created a court to hear all claims against the State with the exception of any claims that were or might be enforcible in the federal courts; that with respect to claims of either nature a 3-year state of limitations would be applicable; and that there was no intention in creating the Court of Claims to enlarge or extend the existing jurisdiction of the federal court over the State or any of its departments, commissions or agencies. This was the construction given to the Act by the Michigan Supreme Court in Manion v. State Highway Commissioner, 303 Mich. 1, on page 22, 5 N.W.2d 527, 529, where, in a case involving the Act, the Court stated: "Nor has the State waived its immunity from suit for a maritime tort in the courts of the United States." This expression of opinion was not necessary for the ruling which the Court gave in that case, and is not binding upon us as is usually the case where the state court of last resort has given its construction of a statute of the State. American Bonding Co. v. Anderson, 6 Cir., 110 F.2d 961, 965; De Long v. Jefferson Standard Life Ins. Co., 5 Cir., 109 F.2d 585, certiorari denied 310 U.S. 635, 60 S.Ct. 1081, 84 L.Ed. 1405; New England Mutual Life Ins. Co. v. Mitchell, 4 Cir., 118 F.2d 414, certiorari denied 314 U.S. 629, 62 S.Ct. 60, 86 L.Ed. 505. However, it is persuasive as being in accord with our own view in the matter.

The District Judge did not rule on the defense of being engaged in the performance of a governmental function, and in view of our ruling on the question of jurisdiction, we express no opinion on that issue.

Judgment affirmed.