**BOARD OF TRUSTEES OF ARKANSAS A & M COLLEGE, a Body Corporate, and Dr. Homer Babin, President of Arkansas A & M College, Appellants,**

v.

**H. Brent DAVIS, Appellee.**

**No. 19015.**

United States Court of Appeals
Eighth Circuit.

June 24, 1968.

Certiorari Denied Nov. 25, 1968.
See 89 S.Ct. 401.

Don Langston, Asst. Atty. Gen. of Arkansas, Little Rock, Ark., for appellants; Joe Purcell, Atty. Gen., Lance

Hanshaw, and R. D. Smith, III, Asst. Attys. Gen., Little Rock, Ark., were on the brief.

Samuel M. Fetters, Syracuse, N. Y., for appellee; John W. Walker and Norman J. Chachkin, Little Rock, Ark., Eleanor H. Norton, and James Graham, New York City, were on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and LAY, Circuit Judges.

MATTHES, Circuit Judge.

This case is before the Court on an interlocutory appeal under 28 U.S.C. § 1292(b) from an order of the District Court denying defendants' motion to dismiss. The parties will be designated as they were in the lower Court.

According to the Complaint, H. Brent Davis, plaintiff, a citizen of the State of Texas, was employed pursuant to a written contract with the Board of Trustees of Arkansas A & M College [1] to teach in the Department of Languages and Literature of that College from August 1, 1965, to May 31, 1966, at a salary of $6,-000. The complaint alleged that on October 29, 1965, the Board of Trustees, acting through "its employee and agent defendant, Dr. Homer Babin," dismissed plaintiff without stating the reasons for his dismissal and without affording him a hearing in which to answer the charges against him.[2] Plaintiff averred that the termination of his employment was a direct consequence of his activities relating to the abolition of corporal punishment in the Arkansas State Penitentiary and the ensuing publicity through the news media; that he had prepared a petition against corporal punishment, which was endorsed by "several" students.

The complaint further alleged that defendants, in summarily dismissing plaintiff, had deprived him of his constitutional rights guaranteed under the First and Fourteenth Amendments, and had unlawfully breached the contract of employment to his irreparable loss, injury and harm.

Plaintiff sought injunctive relief to restore him to his former position with backpay and to restrain the defendants from thereafter terminating his employment by reason of activities protected by the federal constitution. He also prayed for a judgment for $25,000 in damages resulting from "family disruption, inconvenience, damage to reputation, inability to find other employment, [and] physical, mental and emotional suffering."

Defendants premised their motion to dismiss on (1) lack of jurisdiction over the subject matter by reason of state immunity under the Eleventh Amendment; (2) failure of the complaint to state a claim for relief.

In its unreported order denying the motion the District Court refrained from specific discussion of the Eleventh Amendment issue. It found that jurisdiction existed for the reason that (a) Arkansas A & M College, organized pursuant to Sections 80–3101—80–3102, Ark.Stat.Ann., is a body "politic" and as such may sue and be sued as a legal entity; (b) the Civil Rights Statutes, 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983 explicitly confer jurisdiction; (c) the complaint alleges diversity of citizenship and the requisite jurisdictional amount

1. Arkansas A & M College is a body corporate, created by the General Assembly of Arkansas on April 1, 1909, and governed by a Board of Trustees appointed by the Governor of that State. Ark.Stat. Ann. §§ 80–3101 et seq. Defendant Dr. Homer Babin is president of the College.

2. The letter of dismissal stated:
   "In accordance with a policy decision made by the Board of Trustees of Arkansas A & M College at its scheduled meeting on October 28, 1965, you are hereby dismissed from the faculty of Arkansas A & M College, effective October 31, 1965. The Administration concurs in this decision.
   "You are directed to vacate your office and campus apartment at the earliest possible moment."

under 28 U.S.C. § 1332; (d) there exists a federal question under the privileges and immunities and due process clauses of the Constitution, 28 U.S.C. § 1331. In concluding that the complaint also asserted a claim for relief the Court, 270 F.Supp. 528 stated:

"The Court is of the opinion that such conduct [by the Board of Trustees] subjected the plaintiff to deprivation of his position as a member of the faculty which raises a question which can be determined only by testimony as to the privileges or immunities secured by the Constitution."

## THE ELEVENTH AMENDMENT

The Eleventh Amendment provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

The nub of defendants' position is that since Arkansas A & M College is a creature of the State and an agency of it, the trustees partake of its sovereign immunity. They equate this action therefore with one in which the state is the named defendant. See State of Arkansas v. State of Texas, 346 U.S. 368, 370, 74 S.Ct. 109, 98 L.Ed. 80 (1953).

██ Plaintiff does not dispute that Arkansas A & M College is a state agency. He stands on the proposition, however, with which we agree, that sovereign immunity does not extend to state or federal officials who act beyond their authority or in violation of the United States Constitution.

The foundation case is Ex parte Young,[3] 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), where the Supreme Court held that a suit against the Attorney General of Minnesota to enjoin the enforcement of an unconstitutional state statute did not violate the prohibition of the Eleventh Amendment. In rejecting the claim of state immunity the Court announced this basic principle:

"The act to be enforced is alleged to be unconstitutional, and if it be so, the use of the name of the state to enforce an unconstitutional act to the injury of complainants is a proceeding without the authority of, and one which does not affect the state in its sovereign or governmental capacity. It is simply an illegal act upon the part of a state official in attempting, by the use of the name of the state, to enforce a legislative enactment which is void because unconstitutional. If the act which the state attorney general seeks to enforce be a violation of the Federal Constitution, the officer, in proceeding under such enactment, comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The state has no power to impart to him any immunity from responsibility to the supreme authority of the United States. See In re Ayers, supra, 123 U.S. 443, page 507, 8 S.Ct. 164, 31 L.Ed. 216." 209 U.S. at 159–160, 28 S.Ct. 454.

Kenneth Culp Davis, who discusses the rationale of the *Young* decision in his administrative law treatise, states:

" * * * [The Court] was deliberately indulging in fiction in order to find a way around sovereign immunity. It knew that the injunction against the attorney general was in truth a means of preventing the state from enforcing the statute. The reality is all too obvious that the suit was

---

3. Petitioner Edward T. Young, the Attorney General of Minnesota, had been held in contempt by a United States Court in Minnesota for refusing to obey an order of that Court restraining him from enforcing the provisions of a rate-fixing statute of the State of Minnesota. The case came to the Supreme Court on Young's original application in that Court for a writ of habeas corpus.

in practical effect a suit against the state." 3 Davis, Administrative Law Treatise § 27.03 at 553.

As Davis recognizes, however, the principle underlying the *Young* case, even though founded upon fiction, has become firmly implanted in the law. It has been applied not only to enjoin unconstitutional state legislation, as in *Young*, but also to challenge unconstitutional activities by state officials. In Georgia Railroad & Banking Co. v. Redwine, State Revenue Commissioner, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335 (1952), an action to enjoin the collection of taxes which allegedly impaired the obligation of contract between plaintiff and the State of Georgia in violation of the federal constitution, a unanimous Court stated:

> "This Court has long held that a suit to restrain unconstitutional action threatened by an individual who is a state officer is not a suit against the State. These decisions were reexamined and reaffirmed in Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 1908, and have been consistently followed to the present day." 342 U.S. at 304, 72 S.Ct. at 324.

As late as 1964, the Supreme Court reaffirmed Ex parte Young in Griffin v. County School Board of Prince Edward County, 377 U.S. 218, 228, 84 S.Ct. 1226, 1232, 12 L.Ed.2d 256 (1964):

> "It is contended that the case is an action against the State, is forbidden by the Eleventh Amendment, and therefore should be dismissed. The complaint, however, charged that state and county officials were depriving petitioners of rights guaranteed by the Fourteenth Amendment. It has been settled law since Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), that suits against state and county officials to enjoin them from invading constitutional rights are not forbidden by the Eleventh Amendment." 377 U.S. at 228, 84 S.Ct. at 1232.

See also Wasson v. Trowbridge, 382 F.2d 807, 811 (2d Cir. 1967), (suit to enjoin the dismissal of a student from the Merchant Marine Academy without a hearing in alleged violation of his constitutional rights); Louisiana State Board of Education v. Allen, 287 F.2d 32, 33 (5th Cir. 1961), cert. denied, 368 U.S. 830, 82 S.Ct. 52, 7 L.Ed.2d 33 (1961), (action to enjoin State Board of Education from excluding Negroes from a trade school); Orleans Parish School Board v. Bush, 242 F.2d 156, 160–161 (5th Cir. 1957), cert. denied, 354 U.S. 921, 77 S.Ct. 1380, 1 L.Ed.2d 1436 (1957), (suit by Negro students against parish school board and others for declaratory judgment that state constitutional provision and statutes designed to maintain school segregation were invalid, and for injunctive relief ending such segregation); Arkansas State Highway Commission v. Butler, 105 F.2d 732, 734 (8th Cir. 1939), (suit to enjoin operation of free ferry by agents of state of Arkansas in alleged violation of bridge company's constitutional rights).

We are persuaded to conclude on the basis of the complaint and attached exhibits that this case falls within the doctrine promulgated in Ex parte Young and adhered to by the Supreme Court in subsequent decisions. The substance of the complaint is that the Board of Trustees and the President, in dismissing plaintiff, deprived him of his constitutional rights guaranteed under the First and Fourteenth Amendments. Thus, if the defendants transcended their lawful authority as representatives of the College and wrongfully dismissed plaintiff in violation of the Constitution, they were in effect divested of their official capacity as agents of the State. See Waller v. Professional Insurance Corporation, 299 F.2d 193, 194–195 (5th Cir. 1962). Without the cloak of valid state authority to immunize defendants' actions plaintiff is allowed a remedy against them individually. Ford Motor Co. v. Department of Treasury of State of Indiana, 323 U.S. 459, 462, 65 S.Ct. 347, 89 L.Ed. 389 (1945). We hold that

the District Court properly assumed jurisdiction on the basis of the pleaded allegations and that plaintiff's suit is not a prohibited action against the State of Arkansas or one of its agencies within the meaning of the Eleventh Amendment.[4]

## SUFFICIENCY OF THE COMPLAINT

42 U.S.C. § 1983 provides in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." [5]

It is apparent from the order denying the motion to dismiss that the District Court was of the view that the individual members of the Board of Trustees, although not named, and Dr. Babin acted under color of state law in subjecting plaintiff to deprivation of rights secured by the Constitution of the United States.[6]

We have carefully examined the complaint in light of the controlling authorities and are persuaded to hold that it does state a claim for relief under § 1983 against the individual members of the Board and Dr. Babin.[7] Cf. Birnbaum v. Trussell, 371 F.2d 672 (2d Cir. 1966); Smith v. Board of Education of Morrilton School Dist., 365 F.2d 770 (8th Cir. 1966); Johnson v. Branch, 364 F.2d 177 (4th Cir. 1966), cert. denied, 385 U.S. 1003, 87 S.Ct. 706, 17 L.Ed.2d 542 (1966); Marshall v. Sawyer, 301 F.2d 639 (9th Cir. 1962). Our holding is not to be interpreted to mean that the complaint states a claim for relief against the College or the State of Arkansas.

## THE REMEDY

We are not inclined to indulge in instructions as to the procedure, to be followed or the relief, if any, to be granted. If upon a trial the District Court finds that the Trustees and the President did, in fact, subject plaintiff to a deprivation of his constitutional rights, we have confidence that the Court will formulate such relief as will be just and appropriate.

The order denying defendants' motion to dismiss is affirmed.

---

4. In contrast, where the case does not present a constitutional issue and the state is the real party in interest, the prohibition of the Eleventh Amendment will apply. Hamilton Manufacturing Company v. Trustees of State Colleges in Colorado, 356 F.2d 599, 601 (10th Cir. 1966); Scott v. Board of Supervisors of Louisiana State U., 336 F.2d 557, 558–559 (5th Cir. 1964); Wihtol v. Crow, 309 F.2d 777, 782 (8th Cir. 1962); De Levay v. Richmond County School Board, 284 F.2d 340 (4th Cir. 1960); O'Neill v. Early, 208 F.2d 286, 288 (4th Cir. 1953); Gainer v. School Board of Jefferson County, Alabama, 135 F.Supp. 559, 569–570 (N.D.Ala.1955).

5. Title 28 U.S.C. § 1343(3) provides that the District Court shall have original jurisdiction of any civil action for relief under 42 U.S.C. § 1983.

6. The Court stated:
"Since the defendants were clothed with the authority of the State and purporting to act thereunder, such conduct was engaged in under color of State law."

7. In so holding we are assuming that the Court was vested with jurisdiction over the persons of the individuals composing the Board of Trustees.