Barbara **THOMAS**, Appellant,

v.

**KIRKWOOD COMMUNITY COLLEGE,**
a/k/a Area Ten Community College
et al., Appellees.

No. 71–1058.

United States Court of Appeals,
Eighth Circuit.

Oct. 1, 1971.

Dan Johnston, Des Moines, Iowa, for appellant.

William V. Phelan, Iowa City, Iowa, for Kirkwood Community College and Selby Ballantyne.

Ernest F. Pence, Sargent, Spangler, Hines & Pence, Cedar Rapids, Iowa, for

Board of Directors, individually and as members of said board.

Before VOGEL, GIBSON and LAY, Circuit Judges.

LAY, Circuit Judge.

Action for damages is brought under the civil rights law, § 1343(3), by a former employee of Kirkwood Community College against the school,[1] its board of directors and superintendent. In a complaint with multiple counts it is alleged that plaintiff was denied due process in failing to be rehired and placed under contract as a director of institutional research. Plaintiff complains that she was not given proper notice and hearing as allegedly required under Iowa law and was not given the reason for the board's failure to place her under a year's contract for the school term commencing July 1, 1969. The district court granted the defendant's motion to dismiss the complaint for lack of jurisdiction of the subject matter and for failure to state a claim on which relief can be granted. We affirm.

Plaintiff and defendant submitted to the trial court affidavits and exhibits pertaining to the factual sequence of events. See 2 Moore, Federal Practice ¶ 12.09 at 2287 (2d Ed. 1970). It is undisputed that plaintiff was originally hired by the school district on a "temporary," "part time" basis (at her preference) to accomplish specific internal research tasks. This work commenced on August 22, 1968, and was to end June 30, 1969. Plaintiff was informed that at the end of the year a contract would be given to her for a new position. She relates in her complaint that this would have "constituted a promotion from a staff position to a position of higher administrative responsibility." On March 27, 1970, the board voted to hire her in the *"new"* position for $17,300. Her appointment was thereafter opposed by Dr. Frank Malone, the assistant superintendent. She was not offered the new contract and her services were terminated on June 30, at the expiration of her part time job.

Plaintiff relies on Drown v. Portsmouth, 435 F.2d 1182 (1 Cir. 1970), cert. denied, 402 U.S. 972, 91 S.Ct. 1659, 29 L.Ed.2d 137, and Ferguson v. Thomas, 430 F.2d 852 (5 Cir. 1970), wherein it has been held that a teacher, though without tenure or contract, is entitled to be given the reason for her non-retention and in some instances to be afforded an evidentiary hearing.[2] It is not necessary to express an opinion on the rationale of these cases since we find plaintiff fails to bring herself within their governing principles. Plaintiff's alleged expectancy of employment in a new position is factually distinguishable from those cases which recognize a protected interest in an expectancy to *continuation* in public employment. In the instant case plaintiff had no "expectancy of interest" in continuation of her part time staff job. It is not disputed that this work was "temporary" and "part time." Plaintiff relies on the alleged oral representation of the superintendent, and the board's resolution to hire her for a *new* position. Whether this might afford sufficient factual basis for a breach of contract suit is not before us. Sufficient here is the fact that her position as a temporary employee affords her no right on which she might base a constitutionally protected "expectancy of interest."[3] In this sense plaintiff enjoys no preferred position

---

1. In view of our decision, affirming dismissal, we need not reach the question of whether the present suit states a claim for relief against the school itself. See Board of Trustees of Arkansas A & M College v. Davis, 396 F.2d 730 (8 Cir. 1968), cert. denied, 393 U.S. 962, 89 S.Ct. 401, 21 L.Ed.2d 375.

2. See also Sinderman v. Perry, 430 F.2d 939 (5 Cir. 1970), cert. granted, 403 U.S. 917, 91 S.Ct. 2226, 29 L.Ed.2d 694 (1971).

3. There is no suggestion, other than pure speculation on the plaintiff's behalf, that the board's action was arbitrary, capri-

over any other unsuccessful applicant who applies for a teaching position and is not hired. The principles of *Drown* and *Ferguson* are factually distinguishable.[4]

Judgment affirmed.

---

cious and unreasonable, or even a reckless exclusion or vilification of an individual from employment. Cf. Freeman v. Gould Special School Dist., 405 F.2d 1153 (8 Cir. 1969), cert. denied, 396 U.S. 843, 90 S.Ct. 61, 24 L.Ed.2d 93.

4. We find this court's decision in Freeman v. Gould, supra, similarly inapposite as

authority here. In *Freeman* the issues of procedural due process were not involved; the plaintiffs were notified of the reasons for their non-retention and were afforded a hearing. Moreover, the state action here essentially involves an exercise of the "hiring" rather than "firing" function of the school board. See, 44 N.Y.U.L.Rev. 836, 840 (1969).