SOUTH DAKOTA FARM BUREAU, INC., South Dakota Sheep Growers Association, Inc., Haverhals Feedlot, Inc., Sjovall Feedyard, Inc., Frank D. Brost, Donald Tesch, William A. Aeschlimann, Spear H Ranch, Inc., Marston Holben, Montana–Dakota Utilities Co., Northwestern Public Service, and Otter Tail Power Company, Plaintiffs,

v.

State of SOUTH DAKOTA, Mark W. Barnett, in his official capacity as Attorney General of South Dakota, and Joyce Hazeltine, in her official capacity as Secretary of State of South Dakota, Defendants.

Dakota Rural Action and South Dakota Resources Coalition, Defendant–Intervenors.

No. CIV. 99–3018.

United States District Court, D. South Dakota, Central Division.

Sept. 15, 2000.

Richard O. Gregerson, Susan M. Sabers, Woods, Fuller, Shultz & Smith, Sioux Falls, SD, Tomas P. Tonner, Tonner, Tobin & King, Aberdeen, SD, David S. Day, U.S.D. School of Law, Vermillion, SD, Timothy S. Bishop, Steffen N. Johnson, Nicola Jackson, Kyle F. Waldinger, Mayer, Brown & Platt, Chicago, IL, David A. Gerdes, Neil K. Fulton, May, Adam, Gerdes & Thompson, Pierre, SD, for Plaintiffs.

Mark W. Barnett, Roxanne Giedd, Lawrence E. Long, Diane M. Best, Attorney General's Office, Pierre, SD, for Defendants.

John H. Davidson, Jr., U.S.D. School of Law, Vermillion, SD, James Jay Tutchton, University of Denver, Denver, CO, for Defendant–Intervenors.

Timothy Joseph Langley, Sioux Falls, SD, Robert V. Broom, Broom, Johnson & Clarkson, Omaha, NE, for Amicus.

## ORDER

KORNMANN, District Judge.

### BACKGROUND

[¶ 1.] On November 3, 1998, the people of South Dakota, through the initiative process, amended Article XVII of the South Dakota Constitution by adding Sections 21 through 24. Known as Amendment E (because of its placement on the general election ballot), Sections 21 through 24 prohibit certain forms of business enterprises (those which limit liability) from conducting certain agricultural operations in South Dakota.

[¶ 2.] South Dakota Farm Bureau, Inc. ("Farm Bureau") and other plaintiffs filed a complaint for declaratory and injunctive relief, challenging the validity of Amendment E under the United States Constitution and the Americans with Disabilities Act ("ADA"). Jurisdiction is alleged to exist pursuant to 28 U.S.C. §§ 1331 and 1343(3) since plaintiffs allege violations of the Commerce Clause, the Privileges and Immunities Clause, the Equal Protection Clause, 42 U.S.C. § 1983, and the ADA, 42 U.S.C. § 12101 *et seq.* Dakota Rural Action ("DRA") and South Dakota Resources Coalition ("SDRC") filed a motion to intervene. DRA is a non-profit organization whose claimed primary goal is to protect the economic viability of family farmers. SDRC is a non-profit corporation with a claimed goal of protecting the environment in South Dakota. Standing was not challenged and this Court granted the motion to intervene to ensure that all parties with any possible interest in this matter were adequately represented.

[¶ 3.] Defendants have moved to dismiss. Defendants argue that the State of South Dakota ("State") is a sovereign entity not amenable to suit under the Eleventh Amendment to the United States Constitution. Second, defendants assert that all the claims against the named state officials, namely Attorney General Mark W. Barnett ("Barnett") and Secretary of State Joyce Hazeltine ("Hazeltine"), must be dismissed because they are actually claims against the State itself and, therefore, the doctrine allowing state officials to be sued in federal court for equitable relief first set out in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), does not apply. Third, defendants moved to dismiss Count IV, brought under 42 U.S.C. § 1983. Defendants claim it was brought to gain access to the State's treasury for the payment of plaintiffs' legal fees. Fourth, defendants contend that plaintiffs lack standing to assert their claims in Count II under the Privileges and Immunities Clause and in Count V under the ADA. Plaintiffs filed a motion to join parties and to file a first amended complaint. At oral argument, the Court orally allowed the plaintiffs to add three parties, namely Montana–Dakota Utilities Co. ("MDU"), Northwestern Public Service Company ("NWPS") and Otter Tail Power Company ("Otter Tail"), collectively the "Big Stone Partners." The Court orally denied plaintiffs' motion to file a first amended complaint.

[¶ 4.] After oral argument, plaintiffs filed a motion to join the Marston and Marian Holben Family Trust ("trust") as a plaintiff. Plaintiffs also filed a motion to file their first amended complaint and attached a copy of the proposed first amended complaint. Defendants filed their resistance to the motion to amend the complaint, claiming in part that, if the trust is added, the plaintiffs will be required to move to further amend the complaint. Looking at the proposed first amended complaint, it appears that the trust is named in the caption and that the defendants are mistaken in their concerns. Adding or dropping parties is within the discretion of the Court as is allowing amended pleadings. This litigation is in rather early stages and no prejudice would result to other parties. The motions to join parties and to amend should be granted.

[¶ 5.] Plaintiffs also filed a motion for entry of an agreed protective order. This Court believes that, in general, court files and documents should be available to the public and the media. The proposed protective order is far too broad. Under D.S.D.LR § 26.1 and Fed.R.Civ.P. 5(d), discovery materials are not filed with the clerk's office. If there are specific documents which one or more of the parties wish to have sealed, a specific application can be made to the Court. The motion should be denied.

## DECISION

### I. Jurisdiction:

[¶ 6.] "Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equipment Management Co. v. U.S.*, 4 F.3d 643, 646 (8th Cir.1993), (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501, *reh'g denied*, 476 U.S. 1132, 106 S.Ct. 2003, 90 L.Ed.2d 682 (1986) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803))). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." *Rock Island Millwork Co. v. Hedges–Gough Lumber Co.*, 337 F.2d 24, 26–27 (8th Cir. 1964) (citing *National Farmers Union Property and Casualty Co. v. Fisher*, 284 F.2d 421, 423 (8th Cir.1960)).

### II. Younger Doctrine:

[¶ 7.] At oral argument the Court *sua sponte* questioned whether the *Younger* doctrine might be applicable in this case. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In *Younger*, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings except in extraordinary circumstances. *Id.* at 43–45, 91 S.Ct. 746. The reasoning focused heavily on the notion of comity, "that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Id.* at 44, 91 S.Ct. 746. Later, the *Younger* doctrine was expanded to prohibit federal courts from interfering in certain pending state civil cases. *See Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 479 (8th Cir.1998)(citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603–07, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), *reh'g denied*, 421 U.S. 971, 95 S.Ct. 1969, 44 L.Ed.2d 463 (1975)).

[¶ 8.] A federal court should abstain from hearing a case "(1) when there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)(citing *Younger*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669). " '[S]o long as a possibility of return to federal court remains, a stay rather than a dismissal is the preferred mode of abstention.' " *Id.* at 960–61 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 2143 n. 2, 132 L.Ed.2d 214 (1995)).

[¶ 9.] The Court must first determine whether there is an ongoing state judicial proceeding. As case has been filed in state court in Gregory County, *Knittel v. State of South Dakota* (99–45). The plaintiffs in this case are not parties to the *Knittel* suit. A complaint and answer have been filed in the suit. A reading of the pleadings makes it clear that the case seeks only a declaratory judgment and involves no constitutional issues. The plaintiffs in *Knittel* question whether the South Dakota Constitution (Amendment E) permits them to establish a family trust to preserve their homestead, cemetery, original homestead building, and adjoining lands. The state court is simply being asked to interpret the South Dakota Constitution. Obviously, a provision in the South Dakota Constitution cannot violate such Constitution itself. There are no issues of federal law involved in the *Knittel* case. There is no state "ongoing judicial proceeding." Therefore, the *Younger* doctrine does not apply.

### III. Claims Against the State of South Dakota:

[¶ 10.] Defendants argue that plaintiffs' claims are barred by the principles of sovereign immunity and by the Eleventh Amendment to the U.S. Constitution which provides, *inter alia*, that:

> [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citi-

zens of another State, or by Citizens or Subjects of any Foreign State.

[¶ 11.] The immunity provided by the Eleventh Amendment extends to suits in federal court by a state's own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662–663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Eleventh Amendment immunity "extends to both suits for monetary damages as well as those for declaratory or injunctive relief." *In re SDDS, Inc.*, 97 F.3d 1030, 1035 (8th Cir. 1996). This is subject, of course, to the exception provided by *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Plaintiffs concede, for purposes of this motion, that the State is immune from suit in federal court in this case.

[¶ 12.] Based on the language of the Eleventh Amendment, on case law interpreting the amendment, and the agreement of the plaintiffs, the Court finds that the State is immune from this suit in federal court. Thus, the defendants' motion to dismiss all claims against the State should be granted.

## IV. Claims as to the ADA:

[¶ 13.] The Eighth Circuit has held that the ADA is not a valid abrogation of the states' Eleventh Amendment immunity. *See Alsbrook v. City of Maumelle*, 184 F.3d 999 (8th Cir.1999). Specifically, the Court stated:

> In sum, it cannot be said that in applying Title II of the ADA to the states, Congress has acted to enforce equal protection guarantees for the disabled as they have been defined by the Supreme Court. We find, therefore, that the extension of Title II of the ADA to the states was not a proper exercise of Congress' power under Section 5 of the Fourteenth Amendment. Consequently, there is no valid abrogation of Arkansas' Eleventh Amendment immunity from private suit in federal court and the district court lacked subject matter jurisdiction over the ADA claim.

*Id.* at 1010.

It should be noted, in fairness, that *Alsbrook* had not been decided when plaintiffs filed their complaint. Count V should be dismissed for lack of subject matter jurisdiction.

## V. Standing:

[¶ 14.] Defendants argue that Count II, alleging a violation of the Privileges and Immunities Clause, should be dismissed since the only plaintiff asserting the claim, Marston Holben, does not have standing. Holben, in Count II, challenges the State's adoption of Amendment E as a constitutionally impermissible burden on his fundamental rights under the Privileges and Immunities Clause of Article IV. Holben claims the South Dakota regulatory scheme (in Amendment E), a general ban on corporate and other limited liability entities' ownership of livestock, combined with the restrictive criteria for satisfying the family farm exception, purposefully works to "bias employment opportunities in favor of its own residents." He cites *Hicklin v. Orbeck*, 437 U.S. 518, 525, 98 S.Ct. 2482, 57 L.Ed.2d 397 (1978). Defendants argue that Holben does not have standing to assert a claim under the Privileges and Immunities Clause because Amendment E does not prevent individuals from farming or feeding and keeping livestock within South Dakota. Further, defendants argue that any injury Holben may suffer flows from his status as a shareholder of Spear H. Ranch, Inc. and, therefore, Holben lacks standing.

[¶ 15.] To meet Article III's "case or controversy" requirement, it is the burden of each plaintiff to prove (1) injury in fact, (2) causation, and (3) redressability. *Campbell v. Minneapolis Public Housing Authority*, 168 F.3d 1069, 1073 (8th Cir.1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003, 1016–17, 140 L.Ed.2d 210 (1998)).

[¶ 16.] An injury in fact is an "invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Holben alleges that his "injury in fact" is that Amendment E "unconstitutionally differentiates between citizens of South Dakota and non-citizens of South Dakota and deprives plaintiff Holben of the same privileges enjoyed by the citizens of South Dako-

ta, in violation of Art. IV, § 2, of the U.S. Constitution." However, plaintiffs also allege in their complaint that the Marston and Marian Holben Family Trust, which Holbens established, is the sole shareholder in Spear H. Ranch, Inc.

[¶ 17.] The question this Court must first consider is whether Holben is asserting his claim as an individual or as a shareholder. He is actually doing neither, the reason being he is a beneficiary and a trustee of a trust and the trust is the shareholder. Plaintiffs argue that the injury caused by South Dakota's regulatory scheme is directly to Holben as an individual since Amendment E states that at least "one of the family members in a family farm corporation or syndicate shall reside on or be actively engaged in the day-to-day labor and management of the farm." S.D. Const., Art. XVII, § 22(1). Defendants argue that Amendment E does not restrict any farming activities of Holben as an individual or in a partnership. Further, defendants state that the family farm exemption of which Holben complains does not apply to family farms owned by individuals or partners, but only applies to family farms operated by corporations or syndicates. Thus, Holben's claimed injury arises only from his status as a trustee and trust beneficiary in a trust which is a corporate shareholder.

Art. XVII, § 21, of the South Dakota Constitution provides:

> No corporation or syndicate may acquire, or otherwise obtain an interest, whether legal, beneficial, or otherwise, in any real estate used for farming in this state, or engage in farming. The term, corporation, means any corporation organized under the laws of any state of the United States or any country. The term, syndicate, includes any limited liability company organized under the laws of any state of the United States or any country. A syndicate does not include general partnerships, except general partnerships in which nonfamily farm syndicates or nonfamily farm corporations are partners. The term, farming, means the cultivation of land for the production of agricultural crops, fruit, or other horticultural products, or the ownership, keeping, or feeding of animals for the production of livestock or livestock products.

[¶ 18.] It is clear from this language that individuals, as such, are not subject to the requirements of Amendment E. The Court agrees with the defendants' assessment that the exception of which plaintiffs complain, § 22(1), does not apply to family farms owned by individuals or partnerships which do not include as a partner a limited liability entity. It is clear that the exception only applies to family farms operated by corporations or syndicates, i.e. limited liability entities. Thus, Amendment E only applies to Holben when the agricultural enterprise is operated under Spear H. Ranch, Inc. Holben has no injury in fact because he, as an individual, is not subject to the amendment's restrictions. Furthermore, he is not a shareholder. The Court has allowed the plaintiffs to add as a party the Marston and Marian Holben Family Trust. The trust, which Holben and his wife established, is the sole shareholder in Spear H Ranch. Therefore, the trust suffers the only claimed injury as a shareholder in the corporation.

[¶ 19.] The Eighth Circuit has held that a shareholder may not maintain a privileges and immunities claim if the injury is that "flowing from his status as a shareholder." *Chance Management, Inc. v. State of South Dakota,* 97 F.3d 1107, 1115 (8th Cir.1996), (citing *Smith Setzer & Sons, Inc. v. S.C. Procurement Review Panel,* 20 F.3d 1311 (4th Cir.1994)). In *Chance Management,* the plaintiffs, a corporation organized under the laws of South Dakota and an individual Wyoming resident, were denied a video lottery machine operator's license because the majority shareholder in the corporation did not meet the residency requirement. *Id.* at 1110. The plaintiffs filed suit and, in one of their claims, argued that the South Dakota residency requirement violated the privileges and immunities clause. The court held that a corporation cannot raise a privileges and immunities claim. *Id.* at 1115 (citing *Western & Southern Life Ins. Co. v. State Bd. of Equalization of California,* 451 U.S. 648, 656, 101 S.Ct. 2070, 68 L.Ed.2d 514 (1981)). The court further found that the potential injury that denying the license to the corpo-

ration may cause to the Wyoming resident plaintiff "flows directly and solely from the alleged injury" to the corporation which is "not constitutionally cognizable under the Privileges and Immunities Clause." *Id.* at 1116 (quoting *Smith Setzer & Sons,* 20 F.3d at 1317).

[¶ 20.] Holben argues that he is not tied, for purposes of Count II, to Spear H Ranch. However, as already noted, Holben has no claim as an individual because Amendment E is not applicable to individuals. The essence of Holben's complaint is that Spear H Ranch, Inc. suffers injury as a result of Amendment E. Like the plaintiffs in *Chance Management,* the trust may not maintain a privileges and immunities claim if the injury is that "flowing from his (its) status as a shareholder." 97 F.3d at 1115. Plaintiffs stated in oral argument that, if *Chance Management* is read broadly, the defendants win on this point. Plaintiffs urge the Court to read the opinion more narrowly. After reading *Chance Management,* this Court is clear that it is applicable to the case at hand. Accordingly, because Holben and the trust have failed to allege an injury in fact, the defendants' motion to dismiss Count II for lack of standing should be granted.

**VI. Claims Against the Named State Defendants (Mark Barnett as Attorney General and Joyce Hazeltine as Secretary of State):**

[¶ 21.] Sovereign immunity does not bar certain actions against state officers for injunctive or declaratory relief to prevent future violations of federal law by state officials. *See Idaho, et al. v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 276–77, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997). "Our precedents do teach us, nevertheless, that where prospective relief is sought against individual state officers in a federal forum based on a federal right, the Eleventh Amendment, in most cases, is not a bar." *Id.* This rule is commonly referred to as the *Ex parte Young* exception which recognizes "that if a state official violates federal law, he is stripped of his official or representative character and may be personally liable for his conduct; the State cannot cloak the offi-

cer in its sovereign immunity." *Id.* at 288, 117 S.Ct. 2028 (O'Connor concurring), (citing *Ex parte Young,* 209 U.S. at 159–60, 28 S.Ct. 441.) "What is really at stake where a state forum is available is the desire of the litigant to choose a particular forum versus the desire of the State to have the dispute resolved in its own courts." *Coeur d'Alene,* 521 U.S. at 277, 117 S.Ct. 2028.

[¶ 22.] How important are the Eleventh Amendment's background principles of federalism and comity in resolving these conflicting preferences? "There is some support for the proposition that the *Young* exception may not be applicable if the suit would 'upset the balance of federal and state interests that it embodies'" *Coeur d'Alene,* 521 U.S. at 277, 117 S.Ct. 2028 (citing *Papasan v. Allain,* 478 U.S. 265, 277, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). As expressed by Justice Kennedy in *Coeur d'Alene,* the question is whether the option of allowing the suit to proceed is a "real affront" to a State. According to Justice Kennedy, when a suit implicates special sovereignty interests the suit is barred by the Eleventh Amendment. *Coeur d'Alene,* 521 U.S. at 261, 117 S.Ct. 2028. Justice Kennedy expressed the view that there must be "careful consideration" of a suit's impact on the State and there is to be a case by case approach to the *Young* doctrine. The opinion authored by Justice Kennedy was soundly criticized in the concurring opinion of Justice O'Connor (joined by two other Justices) and the dissenting opinion of Justice Souter (joined by three other Justices). Thus, seven Justices refused to agree that, in effect, the *Young* doctrine should be narrowed. These Justices would have the court examine, in general, whether or not prospective relief was sought by a person alleging violation of federal rights by state officials. This is exactly what is required in the present case.

[¶ 23.] A departure from the *Ex parte Young* exception is not applicable in this case based on the fact that plaintiffs are seeking to recover costs and reasonable attorney fees. The argument of the State that this is an attack on the State treasury is rejected. Plaintiffs do not seek any monetary judgment other than costs and reasonable attorney fees. Rather, the plaintiffs' complaint

asks this Court to declare that Amendment E violates the ADA and certain constitutional rights and to enter an order permanently enjoining the defendants from enforcing or taking any steps toward enforcing Amendment E. *See Milliken v. Bradley*, 433 U.S. 267, 97 S.Ct. 2749, 53 L.Ed.2d 745 (1977) (holding lawsuit against the state could proceed where gravamen of complaint was to vindicate plaintiffs' civil liberties and not to establish ownership over state resources or funds).

[¶ 24.] In *Coeur d'Alene*, the plaintiff requested a determination that certain lands were not within Idaho's regulatory jurisdiction. The declaratory and injunctive relief sought by the plaintiff was the "functional equivalent of a quiet title action which implicates special sovereignty interests." *Id.* at 281, 117 S.Ct. 2028. "The suit would diminish, even extinguish, the State's control over a vast reach of lands and waters long deemed by the State to be an integral part of its territory." *Id.* at 282, 117 S.Ct. 2028.

[¶ 25.] If this Court were to follow the reasoning of the opinion authored by Justice Kennedy, this Court would be required to answer the question whether Amendment E to the South Dakota Constitution enacted by the initiative process "uniquely implicates" sovereign interests. *Ex parte Young* held that the Eleventh Amendment did not bar an action in the federal courts seeking to enjoin the Attorney General of Minnesota from enforcing a statute claimed to violate the Fourteenth Amendment. 209 U.S. at 159–60, 28 S.Ct. 441. Further, unlike *Coeur d'Alene*, a finding by this Court that Amendment E is unconstitutional would not disrupt the power of the State nor is there a strong presumption of state control over the issue, particularly when the Supreme Court has held that the Eleventh Amendment does not bar certain actions against state officers for injunctive or declaratory relief to prevent future violations of federal law by state officials. *See Ex parte Young*, 209 U.S. at 123, 28 S.Ct. 441.

[¶ 26.] Defendants assert that the state constitutional provision itself involves an area of crucial interest and importance to the State, namely protection of the family farm and the rural way of life in South Dakota. Defendants cite only one case to support their proposition, one that is not binding on this Court. *See State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 805–06 (Mo.1988). In *MSM Farms, Inc. v. Spire*, 927 F.2d 330 (8th Cir.1991), the Eighth Circuit reviewed a similar amendment (similar to Amendment E) adopted by the people of Nebraska through the initiative process. The plaintiff, a corporation, sought a declaration that the amendment violated the equal protection and due process clauses of the United States Constitution. *Id.* at 331. The Eighth Circuit did not discuss whether protection of family farms would implicate special state sovereignty interests. *Id.* Although the Court found that retaining and promoting family farm operations in Nebraska was a legitimate state interest, the court did not find that the plaintiffs' claims were subject to Nebraska's sovereign immunity. *Id.* at 333.

[¶ 27.] The opinion of Justice Kennedy is not, in any event, binding on lower courts since seven Justices rejected the attempt to contract or narrow *Ex Parte Young*. *See Barone v. Rich Brothers Interstate Display Fireworks Co.*, 25 F.3d 610, 613 n. 4, 614 (8th Cir.1994), *cert. denied*, 513 U.S. 948, 115 S.Ct. 359, 130 L.Ed.2d 313 (1994). This court follows the reasoning of Justice O'Connor and the majority of the Supreme Court who joined her. As she states, the determination should rest on whether there is an alleged ongoing violation of federal law and whether the relief sought is prospective. *Coeur d'Alene*, 521 U.S. at 294, 117 S.Ct. 2028. The rationale of following the Justice O'Connor opinion is also consistent with the approach taken in the Eighth Circuit. As stated in *Entergy, Arkansas v. Nebraska*, 210 F.3d 887, 898 (8th Cir.2000): "Nebraska's argument that injunctive relief under *Ex Parte Young* cannot be premised on proof of past misconduct by the state is similarly without merit: such relief is 'available where a plaintiff alleges an *ongoing* violation of *federal* law, and where the relief sought is *prospective* rather than *retrospective*.'" (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 294, 117 S.Ct. 2028, 138

L.Ed.2d 438 (1997) (O'Connor, J., concurring) (emphasis in original)). The Eighth Circuit has followed the same approach in *Mille Lacs Band of Chippewa Indians v. Minnesota*, 124 F.3d 904 (8th Cir.1997). Referring to *Coeur d'Alene*, the court stated: "The principal decision, written by Justice Kennedy, espouses a case-by-case balancing approach for applying the *Ex parte Young* exception ... However, the majority of the Court, including the four dissenters and the concurring opinion signed by three Justices, rejects Justice Kennedy's balancing test. Regardless, *Coeur d'Alene* does not make the *Ex parte Young* exception inapplicable to this case. Our conclusion that this case falls within the exception is supported by the concurring opinion's appraisal of *Ex parte Young*: '[A] *Young* suit is available where a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective.' *Id.* at ——, 117 S.Ct. at 2046 (O'Connor, J., concurring) (emphasis omitted)." *Id.* at 914.

[¶ 28.] This suit is necessary for the claimed vindication of claimed federal rights. The plaintiffs have alleged ongoing violations of federal law by Attorney General Barnett and Secretary of State Hazeltine. The substance of the complaint is that Amendment E is unconstitutional and, in enforcing the unconstitutional provision, the defendants are violating plaintiffs' rights. Specifically, the plaintiffs allege violations of the Commerce Clause, the Privileges and Immunities Clause, the Fourteenth Amendment, 42 U.S.C. § 1983, and the ADA. All allegations involve federal law and claimed violations of federal law by state officials. This case falls within the doctrine promulgated in *Ex parte Young*. See *Board of Trustees of Arkansas A & M College v. Davis*, 396 F.2d 730, 733 (8th Cir.1968) (holding that plaintiff's complaint alleging deprivation of constitutional rights guaranteed under the First and Fourteenth Amendments was sufficient to invoke the *Ex parte Young* exception). Thus, the motion to dismiss the individually named defendants, Barnett and Hazeltine, on the basis

of lack of jurisdiction should be denied as to Counts I, II, III, and IV.

## VII. Failure to State a Claim:

[¶ 29.] Defendants argue that the claim against the named individuals under 42 U.S.C. § 1983, Count IV, should be dismissed for failure to state a claim. This Court must construe the complaint liberally and assume all factual allegations to be true when considering a Rule 12(b)(6) motion to dismiss. *Whisman v. Rinehart*, 119 F.3d 1303, 1308 (8th Cir.1997). Dismissal is appropriate only when it appears beyond doubt that plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 445 (8th Cir. 1995). Courts should accept all well-pleaded allegations and review the complaint in the light most favorable to the plaintiff. *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

[¶ 30.] First, defendants argue that an official of the state while acting in his official capacity is not a "person" within the meaning of 42 U.S.C. § 1983.[1] In *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45, the court stated, "[o]bviously, state officials literally are persons. But (sic) a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). As such, it is no different from a suit against the State itself. See, *e.g., Kentucky v. Graham*, 473 U.S. 159, 165–166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Monell [v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611], supra* at 690, n. 55." 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). However, the court further stated, "[o]f course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* at n.

---

1. As the claims against the State have already been dismissed, this discussion will focus only on the named individuals.

10 (citing *Kentucky v. Graham*, 473 U.S., at 167 n. 14, 105 S.Ct. 3099; *Ex parte Young*, 209 U.S., at 159–160, 28 S.Ct. 441). The Court agrees with plaintiffs' assertion that *Will* did not overrule *Ex parte Young*.

[¶ 31.] Additionally, defendants assert that plaintiffs' § 1983 claim raises no substantive issue and is made part of the complaint solely as a basis for plaintiffs to claim attorney fees should they prevail in their action. Defendants have argued that § 1983 is limited only to tortious actions. At oral argument, defendants admitted this was a novel argument. This Court is unwilling to ignore Supreme Court and Eighth Circuit precedent. There is nothing in the text or the legislative history of § 1983 that supports a limitation of § 1983 only to "tortious actions." Likewise, defendants' argument that plaintiffs' § 1983 claim is merely for the recovery of attorney fees is without merit. In their own brief, defendants admit that the award of attorney fees has been found not to violate the Eleventh Amendment when state officials are sued in their official capacity. Defs.' br. at 16, citing *Hutto v. Finney*, 437 U.S. 678, 700, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). It is clear that, when state officials are sued under § 1983, plaintiffs may in an appropriate case recover attorney fees under 42 U.S.C. § 1988 and the Eleventh Amendment is not a bar to a fee award. *See Missouri v. Jenkins*, 491 U.S. 274, 279, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) ("an award of attorney's fees ancillary to prospective relief is not subject to the strictures of the Eleventh Amendment"); *Jensen v. Clarke*, 94 F.3d 1191, 1202 (8th Cir.1996) ("Section 1988 attorneys' fees do not depend on the abrogation of sovereign immunity"); *Carhart v. Stenberg*, 11 F.Supp.2d 1134 (D.Neb.1998) (ordering state officers acting in official capacities to pay attorneys' fees to doctor who successfully challenged state law), *aff'd* 192 F.3d 1142 (8th Cir.1999). Consequently, the defendants' motion to dismiss Count IV, should be denied.

### ORDER

[¶ 32.] Now, therefore,

[¶ 33.] IT IS ORDERED:

(1) Plaintiffs' motion (Doc. 63) to file a first amended complaint is granted.

(2) Plaintiffs' motion (Doc. 64) to join the Marston and Marian Holben Family Trust as a plaintiff is granted.

(3) Plaintiffs' motion (Doc. 68) for entry of an agreed protective order is denied.

(4) Defendants' motion to dismiss (Doc. 25) Counts II and V is granted.

(5) Defendants' motion to dismiss (Doc. 25) all claims against the State of South Dakota is granted.

(6) Defendants' motion to dismiss (Doc. 25) Counts I, III, and IV is denied.